**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEKSANDAR MACKOVSKI,

        Plaintiff-Appellant,

  v.

RAY BEX, Officer, City of Garden Grove
Police Department,

        Defendant-Appellee.

No.   18-55767

D.C. No.
8:11-cv-01538-CJC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 5, 2020[**]
Pasadena, California

Before: IKUTA, CHRISTEN, and LEE, Circuit Judges.

After a prior panel of this circuit reversed and remanded Aleksandar

Mackovski's 42 U.S.C. § 1983 claim for excessive force, *Mackovski v. City of*

*Garden Grove*, 666 F. App'x 649, 653 (9th Cir. 2016), the district court ordered

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

briefing on whether Officer Ray Bex was entitled to qualified immunity. The court subsequently granted summary judgment to Officer Bex on qualified immunity grounds. Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

To determine whether an officer is entitled to qualified immunity, a court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). A court may consider these two factors in either order. *Id.* We resolve this appeal on the "clearly established" prong.

Mackovski admits that there is no case directly on point establishing that the force Officer Bex used was unreasonable. Plaintiffs do not need case law that is exactly on point, but existing precedent must place the contours of the right "beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Mackovski relies on *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc) and *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991), but neither are sufficient to support his burden. Therefore, Officer Bex is entitled to qualified immunity.

The law of the case doctrine does not apply to Mackovski's current appeal because the prior panel did not consider qualified immunity. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

**AFFIRMED.**